UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BARRETTE WILLIAMS,

                PLAINTIFF,        **AMENDED COMPLAINT**

     -AGAINST-                            **15-CV-5590**

NEW YORK CITY, SERGEANT ANGEL VASQUEZ and
POLICE OFFICER LESTER HAYNES, individually, and
in their capacity as members of the New York City Police
Department,

                DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Mr. Barrette Williams ("Mr. Williams") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about February 8, 2014, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Williams to *inter alia* false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Williams, is a citizen of the United States and at all times here relevant resided at 120 Warwick Street, Brooklyn, NY 11207.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Sergeant Angel Vasquez ("Sgt. Vasquez") and Police Officer Lester Haynes ("PO Haynes") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Williams is 40-years old and works as an architectural engineer.

11. On or about February 8, 2014, at approximately 2:00 am, Mr. Williams was driving home after visiting friends on Rockaway Boulevard.

12. Mr. Williams stopped at the traffic light on Dumont Avenue at the intersection with Williams Avenue.

13. An unmarked police car with flashing lights pulled up behind Mr. Williams.

14. Several marked police cars with flashing lights then stopped at the intersection.

15. Several police officers, including Sgt. Vasquez and PO Haynes, exited the police cars.

16. Several officers approached Mr. Williams with their guns drawn.

17. Mr. Williams was extremely concerned.

18. The police officers pulled Mr. Williams out of his vehicle.

19. Sgt. Vasquez accused Mr. Williams of driving a stolen vehicle.

20. Mr. Williams informed Sgt. Vasquez that the vehicle was not stolen.

21. Mr. Williams showed Sgt. Vasquez his vehicle registration and insurance documents for the vehicle.

22. Mr. Williams informed Sgt. Vasquez that he had ordered the vehicle new and it had no previous owners.

23. Mr. Williams showed Sgt. Vasquez the Bill of Sales for the vehicle.

24. Vasquez insisted that the vehicle was stolen and told PO Haynes to arrest Mr. Williams.

25. PO Haynes arrested Mr. Williams and handcuffed him behind his back.

26. Several police officers then searched Mr. Williams' vehicle.

27. Mr. Williams was left standing on the street and was extremely cold.

28. Mr. Williams' shoulder was sore as a result of being handcuffed behind his back.

29. Mr. Williams was taken to the 75th Precinct and was processed.

30. Mr. Williams was searched and his work knife was taken.

31. Mr. Williams used the knife for his work as an architectural engineer at the World Trade Center building site.

32. Mr. William's possession of the knife did not violate any law.

33. Mr. Williams was held at the precinct for several hours before being released.

34. Mr. Williams was given a Summons for disobeying a stop sign and for possession of a knife.

35. Mr. Williams had to attend court on two occasions for the summons relating to the knife. On the second occasion, all charges were dismissed.

36. On or about September 4, 2015, Mr. Williams attended court for the summons relating to disobeying a stop sign, and all charges were dismissed.

37. Mr. Williams continues to feel upset by the events of February 2014, and is wary and fearful when he sees police officers.

38. Mr. Williams takes efforts to avoid police officers when in public.

39. Mr. Williams suffered physical injuries as result of the incident, including pain in his shoulder.

40. Mr. Williams suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

41. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

42. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

43. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by defendants.

44. Defendants confined Plaintiff.

45. Plaintiff was aware of, and did not consent to, his confinement.

46. The confinement was not privileged.

47. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

48. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

49. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

50. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

51. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

52. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

53. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

54. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was maliciously prosecuted by defendants.

55. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against Plaintiff, the proceedings terminated in favor of Plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to Plaintiff's rights.

56. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

57. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

58. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

59. Defendants have deprived Plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

60. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

61. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

62. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of Plaintiff's causes of action;
> Awarding Plaintiff punitive damages in an amount to be determined by a jury;
> Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;
> And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         February 12, 2016

By:   /s/
Malcolm Anderson (MA4852)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075